UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED SARABRI, Individually and on Behalf of All Other Similarly Situated<br><br>          Plaintiff,<br>v.<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A.<br><br>          Defendant. | Case No. 3:10-cv-1777 AJB (NLS)<br><br>**CLASS ACTION**<br><br>**FED. R. CIV. 53(f) REPORT AND RECOMMENDATION REGARDING THE APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

## I. INTRODUCTION

On April 6, 2012 the parties, in the above-referenced class action lawsuit (hereinafter to as the "Lawsuit") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"). The parties now seek preliminary certification of a national class of plaintiffs for settlement purposes, preliminary approval of the proposed class action settlement, and preliminary approval of the class action notices. Pursuant to Fed. Civ. P. 53. the undersigned Special Master recommends that the Court grant the requested relief and preliminarily certify the national class of plaintiffs for settlement purposes, approve the class action settlement, and the class action notices.

## II. FACTS AND PROCEDURAL HISTORY

On August 25, 2010, plaintiff, Mohammed Sarabri (hereinafter referred to as "Plaintiff" or Class Representative) filed this Lawsuit against defendant, Weltman, Weinberg & Reis, Co. L.P.A. (hereinafter referred to as "Weltman"), a debt collection company. Plaintiff asserted class claims against Weltman under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that Weltman violated the TCPA by calling his cellular telephone, without "prior express consent," using an automated telephone dialing system and using an "artificial or prerecorded voice." On behalf of himself and others similarly situated, Plaintiff asserted two TCPA claims against Weltman. First, Plaintiff alleged that Weltman, committed negligent violations of the TCPA. For this first claim, and on behalf of himself and the putative class, Plaintiff sought $500 per violation and injunctive relief under 47 U.S.C. § 227(b)(3)(B).

Second, Plaintiff alleged that Weltman committed knowing and/or willful violations of the TCPA. For this second claim, Plaintiff sought for himself and the putative class $1,500 per violation and injunctive relief under 47 U.S.C. § 227 (b)(3)(B) and § 227(b)(3)(C). Plaintiff also alleged that the Court had jurisdiction under 28 U.S.C. § 1332, pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4, because the aggregate amount of the class claims exceeded $5 million.

In an attempt to settle the Lawsuit, the parties participated in two mediation sessions before the undersigned on July 22, 2011 and August 29, 2011, and continued informal exchange of information thereafter until a settlement was reached.

On April 11, 2012, at the parties' request, this Court appointed the undersigned to serve as a Special Master pursuant to Fed. R. Civ. P. 53. The undersigned was appointed to assist with all settlement issues, including the preparation of necessary reports and recommendations on proposed findings and orders in the case.

In addition to the mediation sessions described above, Weltman counsel and plaintiff counsel report that they had numerous telephone conferences, several in-person meetings, and exchanged numerous emails regarding settlement. Through the mediation sessions, telephone conferences, meetings, and emails, the parties reached a settlement, which is memorialized in the Agreement attached as Exhibit 1 to the Notice of Lodgment in Support of Motion for Preliminary Approval.

On July 23, 2012, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as "Preliminary Approval Motion"). Pursuant to their Preliminary Approval Motion, the parties sought preliminary certification of the national class of plaintiffs for settlement purposes; approval of the proposed class action settlement, including entry of the [Proposed] Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"), attached as Exhibit A1 to the Notice of Lodgment in Support of Motion for Preliminary Approval.; and, preliminary approval of the proposed class action notices.

### III. THE PROPOSED SETTLEMENT

The significant terms of the proposed settlement for the Court to consider are the following:

A. *Class Certification.*

For settlement purposes only:, and pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the parties seek preliminary certification of the following national class of plaintiffs (hereinafter referred to as the "Class Members"):

All natural persons and entities within the United States who were called by Weltman, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any predictive dialer and/or automatic telephone dialing system as defined by 47 U.S.C. Section (b)(1)(A)(iii) or artificial or prerecorded voice message, which resulted in a contact; i.e. a live connection or a prerecorded message, between August 25, 2006 and August 25, 2010 and identified as one of the approximately 618,000 unique cell phones called in Weltman's records to be provided to Class Counsel and to the Claims Administrator (hereinafter referred to as the "Settlement Class"), as set forth in the Declaration of Jeffrey A. Hanson in support of Motion for Preliminary Approval. These persons will be identified in Weltman's records and are to be provided to the Claims Administrator. The Settlement Class shall not include any judicial officer, director, attorney, or heir or assign of Weltman. Further, the Settlement Class shall not include any judicial officer or juror who may consider this case. Exhibit A to NOL, Agreement at ¶¶ 2.01(B).

**B.    *Class Representative and Class Counsel Appointment.***

For settlement purposes, the parties request that Plaintiff Mohammed Sarabri be appointed as the Class Representative for the Class Members and the law firms of HYDE & SWIGART, the KAZEROUNI LAW GROUP and the LAW OFFICES OF DOUGLAS J. CAMPION be appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel"). *Id.* at ¶ 5.01.

**C.    *Third-Party Class Action Administrator***

The parties propose using ILYM Group,.Inc. (hereinafter referred to as "ILYM"), a third-party class action administrator, to assist in the management of this class action. *Id.* ILYM's responsibilities will include, but will not be limited to, fielding inquiries about the settlement, processing claims, acting as a liaison between claimants and Weltman regarding qualifying information, and directing the mailing of settlement payments to claimants. *Id.* at 901

The Special Master is familiar with ILYM Group from prior class actions settlements and has found it to be well qualified and knowledgeable in all facets of class action administration, and can provide exemplary service to counsel and the class. The Special Master accordingly

recommends that the Court accept the parties proposal to retain ILYM Group, Inc. to assist in the management of this class action.

D. **_Class Action Notices_**

The parties propose a direct mailing of the summary notice to each of the approximately 618,000 class members and provide a copy of the full notice on a website administered by ILYM, described in more details as follows:

    1.    **_Published/Summary Notice_** – Weltman will send individual notice to the Settlement Class members by postcard-type notice that will provide a summary of the Settlement's terms, provide information necessary to make a claim, and will contain a website address (hereinafter referred to as the "Settlement Website") and a toll-free telephone number (described below as the Settlement Call Center) which will be operated by ILYM and receive calls regarding claims. *Id.* at ¶ 9.01(B)(1). The summary notice will be in substantially the form attached to the Agreement as Exhibit A3.

    2.    **_Website/Full Notice_** – Weltman will also post on the Settlement Website a detailed full notice, explaining the case, proposed settlement, and each Class Member's options. *Id.* at ¶ 9.01(B)(2). The full notice will be in substantially the form attached to the Agreement as Exhibit A4.

E. **_Settlement Payment to Class Members_**

    1.    **_Settlement Call Center_** – As noted, the Settlement Call Center will be operated by ILYM, the third-party administrator. Claimants, potential claimants, or persons with questions about the settlement may call the Settlement Call Center's toll-free number from anywhere within the U.S. to ask questions of the third-party administrator about the settlement, and to provide information to make a claim.

The Settlement Call Center will receive calls at its toll-free number form 9:00 A.M. to 9:00 P.M. (EST), or at such times as ILYM deems necessary for 30 days after the claims period closes. *Id.* at ¶ 9.01(B)(3)(i). Once the time for making a claim has passed, either a live person or recorded message will advise the caller that the Claims Period is closed and the details regarding the settlement may be reviewed by the caller on the related settlement website. *Id.*

     2.    *<u>Settlement Checks</u>*- Each Class Member who makes a timely and accepted claim shall be entitled to receive a $70 settlement check, *except* if the aggregate amount to be paid to Class members making a timely accepted claim exceeds $525,000, Weltman shall pay a pro rata share of the $525,000 to each such Class Member. . *Id.* at ¶ 1.05.

     3.    *<u>Making a Claim</u>*- In order to make a claim and possibly receive a $70 settlement check, a Class Member must *either:* (a) call the toll-free number during its stated business hours; (b) submit a claim online at the Settlement website; or (c) submit a claim in writing and mailed to the Claims Administrator. *Id.* at ¶ 9.01(B)(3)(i). In order to submit a claim, the Settlement Class member need only provide the following information about himself or herself: (1) their name; (2) their current address for mailing the Settlement payment, if different from the postcard notice address; and (3) the last four digits of their social security number to confirm their identity. *Id.* They may also provide a telephone number if they agree to do so, only for the purpose of facilitating the settlement process. *Id.* The names of persons submitting claims shall be provided to Weltman through its counsel. *Id.* None of the information gathered during this claim process will be used for any collection purpose or be provided to Weltman or its Counsel or agents. *Id.* The Special Master finds these procedures are reasonable for class members to follow and obtain settlement benefits.

     4.    *<u>Claim Review Process</u>*- Each Class Member who does not exclude himself or herself from the class and who makes a timely claim as set forth above, shall be entitled to receive a settlement check if Weltman's records confirm that the claimants name is on the list of approximately 618,000 persons in the Settlement Class and if the claimant provides the last four digits of their social security number. *Id.* at ¶ 9.01(B)(3)(ii). No claims can be denied on the basis that consent was given to make the call. If any claims are denied by the Claims Administrator, then the Parties shall attempt to settle the claims issues informally and, if they are unable to do so, then the viability of the claims shall be reviewed and decided by the Special Master (or the Court if the Special Master is unavailable) at such time and place to be agreed upon by the Parties. *Id.* The Special Master's ruling on the disputed claim shall be binding on all Parties and Class Members and shall be non-appealable. *Id.* The Special Master finds that the claims review process is fair, adequate, and reasonable, and recommends its approval by this Court.

### F. *Cy Pres Award*

Pursuant to the proposed settlement, Weltman will make a minimum payment amount of $150,000. The minimum damages payment will be paid no matter how many claims are submitted and processed, and will be paid by Weltman as a *cy pres* award, in the event the dollar amount to be paid for the processed claims does not reach the minimum amount to be paid by Weltman. *Id*. at ¶ 1. If Weltman is obligated to spend *less* than $150,000 on timely made and accepted claims, then the *cy pres* award will be *decreased* by the difference between $150,000 and the amount Weltman is obligated to spend on timely made and accepted claims. *Id*. For example, if Weltman is obligated to spend $100,000 on timely made and accepted claims, then Weltman shall decrease the *cy pres* award to $50,000 ($150,000 - $100,000 = $50,000), with the total *cy pres* award being $50,000. *Id*.

### G. *Injunction*

Weltman has also agreed to an 12-month stipulated injunction. Pursuant to the proposed injunction, Weltman will be required to (i) use procedures now and in the future to verify before calling whether the telephone numbers to be called are cell phone numbers; (ii) agree that it will not call such number with an automatic telephone dialing system or with a prerecorded voice message, as prohibited by 47 U.S.C. Section 227 *et seq*. *Id*. at ¶ 8.01, without evidence of express permission from the person being called as that term has been identified by the TCPA and the Federal Communications Commission.

During the 12-month term of the stipulated injunction, both Weltman and Plaintiff have the right to seek relief from, or modification of, the injunction based upon an unfair burden on the business, or a change in the law. Any request for alteration or modification of the injunction shall be made to the Special Master. *Id*. at ¶ 11(F). Any alteration or modification of the injunction shall not extend the length of the 12-month injunction. *Id*. Any alteration or modification in the injunction shall only apply prospectively for the remainder of the 12-month injunction. *Id*. The stipulated injunction will lapse and expire 12 months after it is entered by this Court and will be in substantially the form attached to the Agreement as Exhibit A5.

**H. *Class Representative Payment***

Pursuant to the proposed settlement, Plaintiff will receive $5,000, in recognition of his service as the Class Representative. *Id.* at ¶ 1.05.

**I. *Class Counsel's Attorneys' Fees, Costs, and Expenses***

Pursuant to the proposed settlement, Class Counsel will file an application for attorneys' fees, in an amount not to exceed $225,000. *Id.* at ¶ 19.01. Weltman will not object to the fee, cost, and expense application, so long as the application does not seek in excess of $225,000. *Id.*

**J. *Exclusions and Objections***

Under the proposed settlement, each Class Member will have 10 days to exclude himself or herself from the proposed class action settlement after the last date of the Claims Period, *i.e.,* "opt-out." *Id.* at ¶ 11.01. Likewise, each Class Member will have 10 days to object to the proposed settlement after the last date of the Claims Period. *Id.* at ¶ 12.01.

## IV. DISCUSSION

**A. *The Fed. R. Civ. P. 23(a) Requirements Are Satisfied***

"[Fed. R. Civ. P. 23(a)] provides that a court should certify a class only if the following prerequisites are met: (1) the class is too numerous, making joinder of the parties impracticable; (2) common questions of law or fact exist among the class members; (3) the claims of the class representatives are typical of the claims of the class; and (4) the class representatives will adequately represent the interest of the class." *Walters v. Reno,* 145 F.3d 1032, 1045 (9th Cir. 1998).

This Lawsuit satisfies the Fed. R. Civ. P. 23(a) prerequisites. Each Fed. R. Civ. P. 23(a) factor is considered below.

    1. ***Numerosity***

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."

The numerosity requirement is met here. The number of class members is approximately 618,000. Joinder of all of the Class Members would be impracticable.

### 2. *Commonality*

"Requiring there to be common questions of law or fact prior to certifying a class serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Walters*, 145 F.3d at 1045. "The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has been construed permissively." *Hanlon v. Chrysler corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).

The commonality requirement is met in this case. The putative class claims stem from the same alleged conduct, *i.e.*, Weltman allegedly calling consumers on their cellular telephones, or other wireless devices, without "prior express consent," using an "automatic telephone dialing system" or an "artificial or prerecorded voice." The Special Master finds that the putative class claims are legally and factually similar.

### 3. *Typicality*

"[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The commonality and typicality requirements of Rule 23(a) tend to merge. Both Serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

The typicality requirements are also met here. Plaintiff alleges that Weltman violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" or an "artificial or prerecorded voice." Plaintiff's claims are identical to the claims of the Class Members.

### 4. *Adequacy of Representation*

"[T]wo criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

The Special Master believes that the adequacy of representation requirement is met here. Plaintiff understands the obligations of a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel, as indicated by the Affidavits of Class Counsel, which set forth the qualifications of Class Counsel. Plaintiff has no antagonistic or conflicting interests with the Class Members. Both Plaintiff and the Class Members seek money damages and injunctive relief for Weltman's alleged unlawful actions. Considering the identity of claims, there is no potential for conflicting interests in this action

### B. *The Fed. R. Civ. P. 23(b) Requirements Are Satisfied*

" In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614 (1997).

The parties request certification of a Fed. R. Civ. P. 23(b)(2) and (b)(3) class. As explained below, the requested preliminary certification should be granted.

#### 1. *The Class Should Be Certified Per Rule 23(b)(2)*

A class may be certified under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). "In other words, a class will be certified [per Rule 23(b)(2)] if 'broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury.'" *LaFlamme v. Carpenters Local,* 212 F.R.D. 448, 456 (N.D. N.Y. 2003); *see also Thomas v. Baca,* 231 F.R.D. 397, 403 (C.D. Cal. 2005).

The undersigned finds that preliminary certification of the class under Rule 23(b)(2) is proper for at least 2 reasons. First, the TCPA provides injunctive relief and Plaintiff seeks injunctive relief in his complaint. Second, the agreed-upon injunctive relief will redress an alleged group-wide injury, *i.e.*, additional training and implementation of new policies.

2. **_The Class Should Be Certified Per Rule 23(b)(3)_**

In order to certify a Fed. R. Civ. P. 23(b)(3) class, the court must find that "the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy." Fed R. Civ. P. 23(b)(3) (emphasis added).

The undersigned also finds that preliminary certification of the class is appropriate under Rule 23(b)(3)- the predominance and superiority factors are addressed below.

A. *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products,* 521 U.S. at 623. "This analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(b)(2); thus, the presence of commonality alone is not sufficient to satisfy Rule 23(b)(3). In contrast to Rule 23(b)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon,* 150 F.3d at 1022. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §1778 (2d ed. 1986).

A common nucleus of facts and potential legal remedies dominates this litigation. The claims of the Class Representative and Class Members are identical: they relate to WELTMAN allegedly calling consumers' cellular telephones, or other wireless devices, without "prior express consent," using an "automatic telephone dialing system" or an "artificial or prerecorded voice."

### B. *Superiority*

"The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon,* 150 F.3d at 1023 (citation omitted).

The class action procedure is the superior mechanism for dispute resolution in this matter. The alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative. Through the class action procedure, these common claims can be brought in one proceeding, thereby eliminating unnecessary duplication, preserving limited judicial resources, and achieving economies of time, effort, and expense.

### C. *The Proposed Settlement Is Fundamentally Fair, Reasonable, And Adequate*

"Unlike the settlement of most private civil actions, class actions may be settled only with the approval of the district court." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco,* 688 F.2d 615,623 (9th Cir. 1982). "The court may approve a settlement…that would bind class members only after a hearing and on finding that the settlement…is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "To determine whether a settlement agreement meets these standards, s district court must consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton, supra,* 327 F.3d at 959. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice,* 688 F.2d at 625.

While it is too early to address the last factor, (*i.e.,* the reaction of the Class Members to the proposed settlement), application of the other relevant factors confirms that the proposed settlement should be preliminarily approved.

### 1. *The Strength Of the Lawsuit and The Risk, Expense, Complexity, And Likely Duration of Further Litigation*

Weltman has raised numerous defenses to the class claims. Many of these defenses are set forth in Weltman's answer, and were raised against at the Early Neutral Evaluation and subsequent mediations. Weltman avers that its defenses have merit and would defeat the claims of the putative class, including class certification. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

### 2. *The Amount Offered In Settlement*

The proposed settlement provides for a $525,000 settlement fund, from which Class Members can potentially receive a $70 settlement check; and a *cy pres* award of $150,000, if claims do not exceed this amount; and, a nationwide injunction wherein WELTMAN has agreed to implement a formal, company-wide procedures to ensure that cellular telephone numbers are identified and not called. *See* Settlement Agreement, at ¶ 8.01(E).

Considering the uncertainties of trial, the difficulty in proving liability against WELTMAN, the proposed settlement is clearly fair, reasonable, and adequate.

### 3. *The Extent of Discovery Completed*

Plaintiff's counsel has conducted extensive informal discovery, as directed by the Special Master. Based on this discovery, Plaintiff's counsel has been able to ascertain approximately 618,000 class members. [*Id.* at ¶1.04] and has found sufficient information to make an informed decision about settlement. *See Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1239 (9th Cir. 1998).

### 4. *The Experience and Views of Counsel*

The settlement was negotiated at arms length by experienced and capable Class Counsel and Defense Counsel, who now jointly recommend its approval. Class Counsel Douglas J. Campion and Defense Counsel Tim J. Vanden Heuvel are recognized throughout California as experts in Telephone Consumer Act ("TCPA") class action litigation, and are well known to the Special

1 | Master. In the Special Master's experience, they are both are widely regarded as highly competent
2 | and experienced class action practitioners in the San Diego legal community. Given their high level
3 | of class action expertise and extensive TCPA class action experience, Class Counsel and Defense
4 | Counsel were well qualified to assess the positive aspects, negative aspects, and prospects of the
5 | case and available defenses, and to negotiate a fair arms length resolution.

### D.  *The Proposed Class Action Notices are the Best Notice Practicable Under the Circumstances*

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "[t]he notice [for Fed. R. Civ. P. 23(b)(3) classes] must concisely and clearly state in plain, easily understood language: the nature of the action[;] the definition of the class certified[;] the class claims, issues, or defenses[;] that a class member may enter an appearance through counsel if the member so desires[;] that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded[;] and the binding effect of a class judgment on class members under Rule 23(c)(3)." Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement...."

The Parties have identified the entire class consisting of 618,417 Class Members. *See* NOL Exhibit A, Agreement, at ¶ 1.04. Individual summary notice, therefore, is being provided. *Id.* at ¶ 9.01(B)(1). The summary notice will direct individuals to a Settlement Website. *Id.* A detailed notice will be posted on the Settlement Website. *Id.* at ¶ 9.01(B)(2). The proposed notices, attached to the Agreement as Exhibits A3 and A4, are appropriate and comply with both Fed. R. Civ. P. 23(c)(2)(B) and (e)(1)(B). The notices contain all of the required Fed. R. Civ. P. 23 information and properly advise the Class Members of their rights. The proposed method for notifying the Class Members thus satisfies both fed. R. Civ. P. 23 and due process and constitutes the best notice practicable under the circumstances.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the Court grant the parties' Preliminary Approval Motion and enter the proposed Preliminary Approval Order.

IT IS SO RECOMMENDED,

This _27_ day of _AUGUST_ 2012.

_____

Special Master Judge Herbert B. Hoffman (Ret.)

IT IS SO ORDERED,

This ____ day of _____ 2012.

_____

The Honorable Anthony J. Battaglia

**FEDERAL COURT PROOF OF SERVICE**
*Sarabri v. Weltman, Weinberg & Reis Co., et al.,*
Case No.: 3:10-CV-1777 AJB (NLS)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, California 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 27, 2012, I served the following document(s):

**FED. R. CIV. 53(f) REPORT ANDRECOMMENDATION REGARDING THE APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

on all interested parties in this action.

| | |
|---|---|
| johansson@lbbslaw.com<br>josh@westcoastlitigation.com<br>vanden@lbbslaw.com<br>ak@kazlg.com<br>doug@djcampion.com | |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which **sent notification of that filing to the persons listed above**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2012, at San Diego, California.

Jennifer Cannone

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-3905-2303.1

3:10-cv-1777 AJB (NLS)
PROOF OF SERVICE