1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOHAMMAD SARABRI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil No.10cv1777 AJB (NLS) |
| Plaintiff, | ) ) ) | ORDER (1) ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION AND |
| v. | ) ) | (2) GRANTING JOINT MOTION |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) ) ) | CERTIFYING CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |
| Defendants. | ) ) | [Doc. Nos. 24, 28] |

On April 12, 2012, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R. Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including necessary reports and recommendations on proposed findings and orders in the case.

On April 6, 2012, after the extensive arms-length negotiations, and mediation before Special Master Hoffman, Plaintiff and Defendant (herein jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for the monetary damages as set forth in the Agreement. Further, Defendant agreed to an 18 month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

Pursuant to their Joint Motion for Preliminary Approval of Class Action Settlement Agreement

10cv1777

(hereinafter referred to as the "Preliminary Approval Motion"), the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(2) and (b)(3) settlement class and preliminary approval of the proposed class action settlement.

Special Master Hoffman has issued a report and recommendation, recommending that the Court preliminarily certify this Lawsuit as a class action and preliminarily approves the proposed class action settlement.

The Court has read and considered the Agreement, Preliminary Approval Motion, Special Master Hoffman's Report and Recommendation and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE IT IS HEREBY ORDERED:

1.      JURISDICTION:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength and weaknesses of the Plaintiffs case, the complexity, expense and probable duration of further litigation, the risk and delay inherent and possible appeals.  The class list will also be provided to Class Counsel as per the Settlement Agreement.  The Court also preliminarily approves the Stipulated Injunction attached to the Agreement as Exhibit 5.  Provided that the Settlement is finally approved, the Court will enter the Stipulated Injunction upon entry of the Final Judgment and Order of Dismissal with Prejudice.  The Court finds that the Agreement is sufficient to warrant notice of the Settlement to the persons in the Settlement Class and a full hearing on the approval of the Settlement.

3.      CAFA NOTICE:  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Agreement, Defendant shall be ultimately responsible for serving written notice of the proposed class action settlement on the U.S. attorney general and the attorney general of each state, with the parties agreeing such notices to be given by the Claims

10cv1777

Administrator under the direction of the Defendant.

4.      CLASS MEMBERS:  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the "Settlement Class" shall mean all persons with unique cell phone numbers within the United States who were called by Defendant as identified in Defendant's records, between August 25, 2006, through August 25, 2010, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(b)(1)(A)(iii) or artificial or prerecorded voice , which resulted in a contact, i.e., a live connection or a prerecorded voice message, identified by Defendant from their records in discovery and confirmatory discovery as one of the approximately 600,000 unique cell phones they called, and as identified in Defendant's records to be provided to the Claims Administrator (hereinafter referred to as the "Settlement Class").  The Settlement Class shall not include any officer, director, attorney, or heir or assign of Defendant.  Further, the Settlement Class shall not include any officer or juror who may consider the case.

5.      CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:  Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Mohammed Sarabri as the Class Representative and Hyde & Swigart and the Law Offices of Douglas J. Campion as Class Counsel.

6.      NOTICE AND CLAIMS PROCESS:  The Court approves the form and substance of the proposed notice procedure set forth in the Agreement.  As provided in that Agreement, Defendant shall provide the most current addresses and (if available) social security numbers for the Settlement Class members obtained from its databases to Claims Administrator ILYM Group, who shall mail a postcard-type Notice to each Class Member at their last known address as provided by Defendant, and update those addresses for which a more current address can be obtained.  The postcard shall reference a website established for this Settlement, and that website shall contain the full details of the Settlement. The postcard shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone.  At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compli-

ance with the notice procedures as set forth in the Agreement.  The form and method for notifying the Class Members of the Settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice process is designed to advise the Class Members of their rights.  Further, the Court finds that the claims process set forth in the Agreement is the best practicable procedure under the circumstances.

7.   <u>CLAIMS PROCESS, CY PRES AND REVERSION</u>:  The Court preliminarily approves the process set forth in the Agreement for submitting, reviewing, approving and paying all claims from the $525,000 Settlement Fund, and for paying the class counsels costs of litigation and incentive payment from the Settlement Fund.  The Court preliminarily approves of the reversion to Defendant of any amounts of the Settlement Fund not paid out, after all claims, the cy pres amounts, if necessary, the Incentive Payment and the plaintiffs, costs of litigation are fully paid from that fund.  Such reversion amount shall be paid only after Defendant pays a $150,000 minimum for claims, or if not, the difference between the claims paid and $150,000 being a cy pres award to be paid to a charity chosen jointly by the parties and approved by the Court.

8.   <u>CLASS CERTIFICATION</u>:  The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.   The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B.   There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

C.   The claims Plaintiff are typical of the claims of the Settlement Class;

D.   The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class members; and

E.   Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

10cv1777

9.      <u>EXCLUSIONS</u>:  Any Settlement Class member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than ten (10) days after the last date to file claims during the Claims Period.  The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website.  The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusion passes, but no later than then (10) days prior to the Final Approval Hearing.  A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

10.      To be effective, the written request for exclusion must contain the person's full name and address and be signed by the Settlement Class member.  They must also state generally that they wish to be excluded from the settlement.

11.      Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the Agreement or settlement.

12.      <u>OBJECTIONS</u>:  Any Settlement Class member who intends to object to the fairness of the Settlement must file a written objection with the Court, at United States District Court, Southern District of California, Office of the Clerk, 880 Front Street, Suite 4290, San Diego, CA, 92101, no later than ten (10) days after the last date to file claims during the Claims Period.  Further, any such Settlement Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the website's notice advising the Settlement Class members about objections.

13.      To be considered, the written objection must be signed by the Settlement Class member and state:  the Settlement Class member's full name, address and telephone number, the reasons for the objection, and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel.  Further, the Settlement Class member must attach to the written objection documents supporting the objection.

14.      Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

10cv1777

15.     <u>FINAL APPROVAL HEARING</u>: Judge Battaglia shall conduct a hearing (hereinafter the "Final Approval Hearing") on **Friday, January 18, 2012, at 1:30 p.m.**, at 940 Front Street, Court Room 12, San Diego, CA  92101 to review the following issues:

A.      Whether, this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court;

C.      Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against Released Parties;

D.      To discuss and review other issues deemed appropriate.

16.     Attendance at the Final Approval Hearing is not necessary.  Settlement Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Settlement Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

17.     <u>MISCELLANEOUS PROVISIONS</u>:  The Agreement and this Order shall be null and void if any of the following occur:

A.      The Agreement is terminated by any of the Parties for failure of any consideration under the Agreement, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.      The Court rejects, in any material respect, the Final Judgment and Order of Dismissal With Prejudice substantially in the form and consent to the entry of another form thereof;

C.      The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties;

D.      The Court approves the Agreement, including any amendment thereto

approved by the Parties, but such approval is reversed on appeal and such

reversal becomes final by lapse of time or otherwise;

18.      If the Agreement and this Order are voided under paragraph 18, then the Agreement shall have no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

19.      The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED:  September 4, 2012

_____

Hon. Anthony J. Battaglia

U.S. District Judge