UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SARABRI, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>v.<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A.,<br><br>            Defendants. | Civil No.10cv1777 AJB (NLS)<br><br>FINAL JUDGMENT AND ORDER:<br><br>(1) ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION;<br><br>(1) OVERRULING OBJECTIONS TO THE SETTLEMENT AGREEMENT;<br><br>(2) GRANTING THE FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT;<br><br>(3) GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS OF LITIGATION; AND<br><br>(4) GRANTING PLAINTIFF'S MOTION FOR AN INCENTIVE AWARD TO THE REPRESENTATIVE PLAINTIFF<br><br>(Doc. Nos. 30, 31) |

      Presently before the Court is the final approval of the proposed settlement (the "Settlement") between Plaintiff Mohammed Sarabri ("Class Representative Plaintiff"), Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Defendant" or "Weltman"), and the Settlement Class. (Doc. Nos. 30, 31.) The Settlement had been preliminarily approved by the Court on September 4, 2013, (Doc. No. 29), following a Report and Recommendation by Special Master, Herbert B. Hoffman. (Doc. No. 28).

      The Settlement Class was defined in the Court's September 4, 2013 Order: (1) Adopting Special Master's Report and Recommendation; and (2) Granting the Joint Motion to Certify the Class and

1  Preliminarily Approve the Class Action Settlement. (Doc. No. 29.) The Settlement Class was defined
2  as "all persons with unique cell phone numbers within the United States who were called by Defendant
3  as identified in Defendant's records, between August 25, 2006, through August 25, 2010, on their
4  paging service, cellular telephone service, mobile radio service, radio common carrier service, or other
5  service for which they were charged for the call, through the use of any automatic telephone dialing
6  system as set forth in 47 U.S.C. Section 227(b)(1)(A)(iii) or artificial or prerecorded voice , which
7  resulted in a contact, i.e., a live connection or a prerecorded voice message, identified by Defendant
8  from their records in discovery and confirmatory discovery as one of the approximately 600,000 unique
9  cell phones they called, and as identified in Defendant's records to be provided to the Claims
10 Administrator." (Doc. No. 29 at 3:4-13.) The Settlement Class did  not include any judicial officer or
11 juror who may consider the case. (Doc. No. 29 at 3:13-15.)
12       On April 12, 2012, at the parties joint request, the Court appointed Judge Herbert B. Hoffman
13 (Ret.) to serve as a Special Master pursuant to Federal Rule of Civil Procedure 53. (Doc. No. 23.)
14 Special Master Hoffman was appointed to assist with all settlement issues, including necessary reports
15 and recommendations on proposed findings and orders in the case. As such, following the January 18,
16 2013 Final Fairness Hearing, Special Master Hoffman drafted and filed a Report and Recommendation.
17 The Report and Recommendation recommended that the Court overrule each objection, approve the
18 Settlement, award Class Counsel the requested $225,000 in attorneys' fees and $15,000 in litigation
19 costs, and award an incentive award to the Class Representative Plaintiff in the amount of $5,000. (Doc.
20 No. 39 at 9, 12, 13, 20, 23, 24.)
21       Accordingly, having read and considered the Settlement Agreement, the pleadings and
22 submissions filed by the Parties, any objections to the Settlement Agreement, and Special Master
23 Hoffman's Report and Recommendation, the Court finds IT IS HEREBY ORDERED, ADJUDGED
24 AND DECREED that:
25       1.      Pursuant to Federal Rule of Civil Procedure 23, the Court has conducted an inquiry into
26            the fairness of the Settlement and finds the Settlement and Settlement Agreement fair,
27            just, reasonable, and adequate to address the needs of Class. Accordingly, because the
28

|   |   |   |
|---|---|---|
| 1 | | Settlement Agreement is incorporated into this Judgment and approved in all respects, |
| 2 | | the parties are directed to perform its terms. |
| 3 | 2. | Pursuant to Federal Rule of Civil Procedure 23(e), the Court certified a settlement class |
| 4 | | defined as follows: "All persons or entities with unique cell phone numbers within the |
| 5 | | United States who were called by Defendant (Weltman, Weinberg & Reis Co., L.P.A.), |
| 6 | | as identified in Defendant's records, between August 25, 2006 and August 26, 2010, on |
| 7 | | their paging service, cellular telephone service, mobile radio service, radio common |
| 8 | | carrier service, or other service for which they were charged for the call, through the use |
| 9 | | of any automatic telephone dialing system as set forth in 47 U.S.C. Section |
| 10 | | 227(b)(1)(A)(iii) or artificial or prerecorded voice, which resulted in a contact, i.e. a live |
| 11 | | connection or prerecorded message, identified by Defendant from their records in |
| 12 | | discovery and confirmatory discovery as one of the approximately 600,000 unique cell |
| 13 | | phones they called, and as identified in Defendant's records to be provided to the Claims |
| 14 | | Administrator (hereinafter referred to as the "Settlement Class").  The Settlement Class |
| 15 | | shall not include any officer, director, or heir or assign of Defendant.  Further, the |
| 16 | | Settlement Class shall not include any officer or juror who may consider the case." (Doc. |
| 17 | | No. 29 at 3:2-15.) |
| 18 | 3. | The Court has jurisdiction over the subject matter of litigation and over all parties to the |
| 19 | | litigation, including all members of the Class. |
| 20 | 4. | The Court has carefully read and considered the factual findings made in the Fed. R. Civ. |
| 21 | | 53(f) Report and Recommendation Regarding the Final Approval of the Class Action |
| 22 | | Settlement Agreement by Special Master Herbert B. Hoffman and adopts each and every |
| 23 | | of same as though fully set forth in this Order.  (Doc. No. 39.) |
| 24 | 5. | Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies Plaintiff |
| 25 | | Mohamed Sarabri as the Class Representative and Hyde and Swigart, Kazerounian Law |
| 26 | | Group, and the Law Offices of Douglas J. Campion as Class Counsel. |
| 27 | 6. | The Court again finds that the instant action satisfies the applicable prerequisites for class |
| 28 | | action treatment under Federal Rule fo Civil Procedure 23, namely: |

A. The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B. There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

C. The claims of Plaintiff Mohammed Sarabri are typical of the claims of the Settlement Class members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the instant action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

8. The Court finds that notice was given to the Class members in substantially the manner and form required in the Order for Preliminary Approval of the Class Action Settlement, (Doc. No. 29), as demonstrated by the Declaration and Supplemental Declaration of Lisa Mullins in Further Support of the Motion for Final Approval, (Doc. Nos. 31-3, 36-2), including the publication of the Class Notice on a dedicated Internet website, establishment of a toll free claims and questions line, and the individual direct mail notice to Class members. Such notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the notice, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to

|   |     |                                                                                                   |
|---|-----|---------------------------------------------------------------------------------------------------|
| 1 |     | such notices.  Thus, said notices met and fully satisfied the requirements of Federal Rule        |
| 2 |     | of Civil Procedure 23, due process, and constitute due and sufficient notice to all persons      |
| 3 |     | entitled to notice.                                                                               |
| 4 | 9.  | The Court further finds that due and adequate notice of the Settlement has been made to          |
| 5 |     | all required governmental entities, including the United States Department of Justice and       |
| 6 |     | Attorney General offices in all fifty states, pursuant to the Class Action Fairness Act and      |
| 7 |     | set forth in the Order for Preliminary Approval of the Class Action Settlement, (Doc. No.        |
| 8 |     | 29), as demonstrated by the Declaration of Lisa Mullins in Support of the Motion for            |
| 9 |     | Final Approval, (Doc. No. 31-3, ¶ 3).  The Court further finds that no Objection to the         |
| 10|     | Class Settlement has been timely filed with this Court by the United States Department of        |
| 11|     | Justice and/or any of the Attorney General offices in any of the fifty states.                  |
| 12| 10. | The Court hereby finds and concludes that there have been a total of three objections to        |
| 13|     | the settlement, submitted by Chuck Willis, Darcy L. Wesley, and Oarel M. Pierce as of           |
| 14|     | the objection deadline date. (Doc. No. 36-2 at 3:9-11, Exs. A, B, C, Supplemental                |
| 15|     | Declaration of Lisa Mullins in Further Support of the Motion for  Final Approval.)  As          |
| 16|     | set forth in the Supplemental Declaration of Lisa Mullins in Further Support of the             |
| 17|     | Motion for  Final Approval, the objection of Oarel M. Pierce was withdrawn on January           |
| 18|     | 10, 2013, prior to the Final Fairness Hearing.  (Doc. No. 36-2 at 3: 12-14, Ex. D.)              |
| 19|     | Moreover, as set forth in the Supplemental Declaration of Lisa Mullins in Further               |
| 20|     | Support of the Motion for  Final Approval, the objection of Darcy L. Wesley was                  |
| 21|     | withdrawn on January 11, 2013, prior to the Final Fairness Hearing.  (Doc. No. 36-2 at 3:       |
| 22|     | 12-14, Ex. E.)                                                                                    |
| 23| 11. | The Court has carefully reviewed the previously withdrawn objections of Darcy Wesley            |
| 24|     | and Oarel M. Pierce, and finds them without merit.  Moreover, to the extent these                |
| 25|     | objections were not withdrawn, Special Master Hoffman also recommended that these               |
| 26|     | objections be overruled.                                                                          |
| 27| 12. | As set forth in the Fed. R. Civ. P. 53(f) Report and Recommendation Regarding the Final         |
| 28|     | Approval of the Class Action Settlement Agreement by Special Master Herbert B.                   |

|    |     |                                                                                                       |
|----|-----|-------------------------------------------------------------------------------------------------------|
| 1  |     | Hoffman, objector Chuck Willis provided no reasoning or explanation for his objection, |
| 2  |     | and failed to attend his noticed deposition.  (Doc. No. 39 at 8: 6-10.)  The Court notes |
| 3  |     | that objector Wesley did not appear or call telephonically at the Final Fairness Hearing. |
| 4  |     | (Doc. No. 38, Final Fairness hearing Transcript.)  Accordingly, the Court hereby |
| 5  |     | overrules the objection made by Chuck Willis, finding it insufficient and without merit. |
| 6  | 13. | The Court finds that in response to notice given to the Settlement Class substantially in |
| 7  |     | the manner and form required in the Order Granting Joint Motion to Certify Class, (Doc. |
| 8  |     | No. 29), as demonstrated by the Supplemental Declaration of Lisa Mullins in Further |
| 9  |     | Support of the Motion for Final Approval, there were a total of 10,475 valid claims that |
| 10 |     | were timely received by the Claims Administrator, that were not otherwise found to be |
| 11 |     | deficient, (Doc. No. 36-2 at 3: 19-20).  The Claims Administrator, after reducing the |
| 12 |     | remaining Settlement Fund by the Class Representative Fee ($5,000.00) and Class |
| 13 |     | Counsel Cost Award ($15,000.00) set forth in this Final Judgment and Order, has |
| 14 |     | calculated each of the 10,475 claimants *pro rata* share of the Settlement Fund to be |
| 15 |     | $48.21.  (Doc. No. 36-2 at 3: 21-24.) |
| 16 | 14. | Therefore, the Court approves and orders payment from the Settlement Fund to these |
| 17 |     | 10,475 claimants in the amount of $48.21 per claimant as soon as practical after the |
| 18 |     | Effective Date.  The Effective Date of this Settlement shall be thirty (30) days after the |
| 19 |     | date of service of Notice of Entry by this Court of this Final Judgment and Order on all |
| 20 |     | parties, absent appeal.  (Doc. No. 27-1, Settlement Agreement § 2.01(F).) |
| 21 | 15. | Pursuant to the terms of the Settlement Agreement and as approved by the Court, |
| 22 |     | Weltman, Weinberg & Reis Co., L.P.A. and/or its insurers shall pay the amount of |
| 23 |     | $525,000 into the Settlement Fund, (and other sums outside the Settlement Fund for |
| 24 |     | Class Counsel fees, Special Master fees, and Claims Administrator fees and costs as set |
| 25 |     | forth below), to effectuate the full and complete releases on behalf of Class |
| 26 |     | Representative Plaintiff and all other Settlement Class members as set forth herein.  Said |
| 27 |     | payment to the Settlement Fund shall be within five (5) business days of the Effective |
| 28 |     | Date as defined in Paragraph 14 above. |

16. The court awards $15,000.00 for litigation costs from the Settlement Fund to Class Counsel, including, Douglas J. Campion, Joshua B. Swigart and Abbas Kazerounian. The Court finds that the award of litigation costs is both fair and reasonable. This payment shall be made by the Claims Administrator from the Settlement Fund as soon as practical after the Effective Date.

17. The Court hereby further awards a Class Representative incentive fee in the amount of $5,000.00 to the Class Representative Plaintiff Mohammed Sarabri from the Settlement Fund. This payment shall be made by the Claims Administrator from the Settlement Fund as soon as practical after the Effective Date.

18. Weltman, Weinberg & Reis Co., L.P.A. and/or its insurers shall pay the additional amount of $225,000 directly to Class Counsel Douglas J. Campion, Joshua B. Swigart and Abbas Kazerounian as class counsel attorneys fees. This amount is not to be paid from the Settlement Fund. The Special Master has found the fees requested are reasonable, given the time expended, the novelty of the issues being litigated, the risks involved in pursuing the claim, and a host of other factors. The Court concurs and finds that the amount of fees awarded is fair and reasonable under both a percentage basis analysis and the lodestar/multiplier method. Thus, pursuant to the Settlement Agreement, this payment shall be made within five (5) business days after the Effective Date.

19. The Court has reviewed the work done by Special Master Hoffman, and finds that his claimed fees and costs of $11,120 in this matter are both fair and reasonable. Pursuant to the Settlement Agreement § 3.01, Weltman, Weinberg & Reis Co., L.P.A. and/or its insurers shall pay that amount directly to Special Master Hoffman, in addition to the funding of the Settlement Fund, per contractual arrangement with Judicate West.

20. Pursuant to the terms of the Settlement Agreement and as approved by the Court, Weltman, Weinberg & Reis Co., L.P.A. and/or its insurers have previously paid the sum of $600,000 to the Claims Administrator (ILYM Group) for their services in the case. The Court finds that ILYM Group did outstanding and exemplary work in this matter and complied in full (or exceeded the requirements) of the September 4, 2012 Order of

|   |   |   |
|---|---|---|
| 1 |  | Preliminary Approval, which provided directions regarding the administration of the |
| 2 |  | settlement.  Special Master Hoffman has examined and found that the $600,000 in costs |
| 3 |  | and fees of ILYM Group in this matter to be reasonable.  Thus, the Court concurs and |
| 4 |  | hereby approves the payment of $600.00 to ILYM, to be paid from funds outside the |
| 5 |  | Settlement Fund. |
| 6 | 21. | As set forth in the Fed. R. Civ. P. 53(f) Report and Recommendation Regarding the Final |
| 7 |  | Approval of the Class Action Settlement Agreement by Special Master Hoffman, there |
| 8 |  | were eleven valid and timely opt-outs from Settlement Class members: (1) Katie Bero; |
| 9 |  | (2) Patrick Walters; (3) Richard Brymer; (4) Thaddeus D'Ambosio; (5) Toby Fields; (6) |
| 10 |  | Jack Evans; (7) Charles DeHart; (8) Kenneth Lowman; (9) Brian Burns; (10) Ian Smith; |
| 11 |  | and (11) Patrick Albright.  The Court finds that only these eleven Settlement Class |
| 12 |  | members timely and validly opted-out of the Class Settlement.  The Claims |
| 13 |  | Administrator also reported that three purported opt-outs by non-Settlement Class |
| 14 |  | members: (1) Phyllis Baranousky; (2) Jaime Aleckna; and (3) Steven Aleckna were |
| 15 |  | timely received.  (Doc. No. 39 at 6: 7-9 and Doc. No. 36-2 at 3:4-8.) |
| 16 | 22. | As of the Effective Date, the Settlement Class members, who have not validly and timely |
| 17 |  | excluded themselves from the Settlement (the eleven listed above in paragraph 21, |
| 18 |  | specifically *not including* the three opt-outs filed by non-Settlement Class members), in |
| 19 |  | exchange for the payments set forth herein by Defendant Weltman and its insurers as set |
| 20 |  | forth herein, for themselves, and their respective heirs, assigns, successors, agents, |
| 21 |  | attorneys, executors, and representatives, shall be deemed to have, and by operation of |
| 22 |  | the Judgment shall have, fully, finally, irrevocably, and forever released Weltman and, |
| 23 |  | whether or not specifically named herein, Weltman's past, present and future directors, |
| 24 |  | officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, |
| 25 |  | clients specifically including underlying creditors, re-insurers, shareholders, attorneys |
| 26 |  | and any related or affiliated company, including any parent, subsidiary, predecessor, or |
| 27 |  | successor company, and all assigns, licensees, divisions, clients, joint ventures, and any |
| 28 |  | entities directly or indirectly involved in the Lawsuit  (collectively, the "Released |

Parties"), from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), and also including all "Unknown Claims" (as defined below) which Plaintiff or a Settlement Class member has arising out of, based upon, or in any way relating to Weltman and/or its agents allegedly calling, without prior express consent, his or her paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which he or she was charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(b)(1)(A)(iii) or artificial or prerecorded voice, including, but not limited to, any claims under the Telephone Consumer Protection Act of 1994 ("TCPA"), or any similar state or federal law. (collectively, the "Released Claims") upon Weltman's completion of its performance requirements for payment required by the terms of the Settlement Agreement and this Final Judgment and Order.

23. "Unknown Claims" shall mean any and all claims that Plaintiff or any Settlement Class member does not know or even suspect to exist against any of the Released Parties, which, if known, might have affected his or her decision regarding the settlement of this Lawsuit. Plaintiff further acknowledges, and the Settlement Class members shall be deemed to acknowledge, that they may be hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

24. As of the Effective Date as defined in the Settlement Agreement, the Settlement Class representative, Plaintiff Mohammed Sarabri, in exchange for the payment of $5,000.00 by Defendant Weltman, Weinberg & Reis, L.P.A. and/or its insurers from the Settlement Fund, for himself, and his heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, irrevocably, and forever released the "Released Parties," from any and all "Released Claims" and "Unknown Claims" upon Defendants' completion of its performance requirements for payment required by the terms of the Settlement Agreement and the Final Judgment and Order.

25. The Court finally approves and hereby orders entered the Stipulated Injunction previously attached as Docket No. 27-2, Ex. 5. Pursuant to the Stipulated Injunction, Defendant shall use procedures now and in the future to verify before calling whether the telephone numbers are to be called are cell phone numbers. That shall be done by "scrubbing" such lists of potential numbers that is comparing such numbers to be called commercially feasible manner to achieve the same result. If any such telephone number is determined to be a cell phone number, Defendant shall not call such number by an automatic telephone dialing system or with a prerecorded voice message without evidence of express consent as that term has been defined by the TCPA and Federal Communications Act, as prohibited by 47 U.S.C. Section 227 *et seq.* The Stipulated Injunction will lapse and expire twelve (12) months after the Effective Date. The details of the Stipulated Injunction are set forth in the Stipulated Injunction signed and filed herewith. (Docket 27-2, Ex. 5.)

26. The Court finds that during the course of the litigation the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

27. This Final Judgment and Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or any other proceeding.

28. This Action is hereby dismissed with prejudice in all respects. The Class Representative, Settlement Class members, and their successors and assigns are ordered permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties. The Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Judgment and Order.

29. The Action is hereby concluded, provided, however, and without effecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters related to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement and consummation of the Settlement Agreement and this Final Order and Judgment.

IT IS SO ORDERED.

DATED: February 15, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge